IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BARTH and MAUREEN BARTH, individually and as husband and wife, | : : : |
| | : CASE NO. 2:16-CV-02140-RK |
| Plaintiffs, | : **BRIEF IN SUPPORT OF DEFENDANTS'** |
| | : **MOTION TO DISMISS FOR LACK OF** |
| v. | : **PERSONAL JURISDICTION** |
| | : |
| WALT DISNEY PARKS AND RESORTS U.S., INC. and THE WALT DISNEY COMPANY, | : **Document Filed Electronically** : : |
| | : |
| Defendants. | : |

**PRELIMINARY STATEMENT**

Defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and The Walt Disney Company ("TWDC") (collectively, "Defendants") respectfully submit this brief in support of their motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Plaintiffs Michael Barth and Maureen Barth (collectively, "Plaintiffs") seek damages from Defendants for injuries Michael Barth allegedly suffered when he was bitten by a venomous snake at Walt Disney World Resort in Orlando, Florida. Plaintiffs do not allege and cannot prove any facts that could support a finding that this Court has personal jurisdiction over Defendants.

Defendants are not subject to general jurisdiction because they do not have any continuous, substantial, and systematic contacts with Pennsylvania that render them essentially at home here. Specific jurisdiction likewise does not exist because Plaintiffs' claims are based on Defendants' alleged acts or omissions in Florida, not Pennsylvania. Therefore, the Court should dismiss Plaintiffs' complaint based on lack of personal jurisdiction.

1

Abundant precedent supports the result sought by Defendants, as this Court has repeatedly and consistently held in lawsuits similar to this one that it lacks personal jurisdiction over Defendants.  No reason exists to depart from that precedent in this case.

**I.     PROCEDURAL HISTORY**

Plaintiffs initiated this action by writ of summons in the Court of Common Pleas for the First Judicial District of Pennsylvania (Philadelphia County).  (ECF No. 1-1 at 3.)  Plaintiffs' filed their Complaint on April 1, 2016.  (Id. at 13.)  Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1446 based on diversity jurisdiction. (ECF No. 1.) Defendants now move to dismiss Plaintiffs' Complaint based on lack of personal jurisdiction.

**II.    STATEMENT OF FACTS**

**A.     Plaintiffs' Complaint Does Not Allege Any Facts That Could Support A Finding Of Personal Jurisdiction Over Defendants.**

Plaintiffs allege Michael Barth sustained injuries when he was attacked by a venomous snake at Walt Disney World Resort in Florida.  (ECF No. 1-1 at 14-15 ¶¶5, 10.)  WDPR owns and operates Walt Disney World Resort.  (Certification of Scott Justice, hereinafter "Justice Cert.," ¶3.)  Plaintiffs assert claims against Defendants for negligence and loss of consortium. (ECF No. 1-1 at 15-17.)

Plaintiffs' Complaint alleges Defendants are licensed to do business in Pennsylvania.  (Id. at 14 ¶2.)  That is false.  (Justice Cert. ¶4; Certification of Marsha L. Reed, hereinafter "Reed Cert.," ¶4.)  The Complaint also alleges TWDC "actively engages in substantial business activities in this Commonwealth," (ECF No. 1-1 at 14 ¶¶2-3), but the Complaint does not allege any facts to support that vague and conclusory assertion, which is also false, (Reed Cert. ¶4).

2

B.   **Defendants Have No Contacts With Pennsylvania That Could Support A Finding Of Personal Jurisdiction.**

WDPR is a Florida corporation that has its principal place of business in Florida. (Justice Cert. ¶2.) WDPR's business activities consist of the ownership, operation, and management of themed entertainment parks, resorts, and related facilities located in Florida and California. (Id. ¶3.)

TWDC is a Delaware corporation that has its principal place of business in California. (Reed Cert. ¶2.) TWDC is a holding company that owns stock in a variety of corporations operating in the fields of entertainment, recreation, and consumer products, among others. (Id. ¶3.)

Defendants: (1) are not qualified or licensed to do business in Pennsylvania, (2) have never conducted business in Pennsylvania, (3) have neither incurred nor paid taxes in Pennsylvania, (4) have not appointed agents for the service of process in Pennsylvania, (5) have no offices or places of business in Pennsylvania, (6) own no real estate, bank accounts, or other assets in Pennsylvania, and (7) should not be listed in any Pennsylvania telephone directories. (Justice Cert. ¶4; Reed Cert. ¶4.)

Previously, Walt Disney World Co. was the name of the corporate entity that owned and operated Walt Disney World Resort, where the alleged incident occurred in this case. (Justice Cert. ¶5.) In March 2009, Walt Disney World Co. was renamed Walt Disney Parks and Resorts U.S., Inc., i.e., WDPR, one of the defendants in this case. (Id. ¶6.)

**III.   ARGUMENT**

    **A.   Applicable Standards.**

        **1.   Motion To Dismiss Pursuant To Rule 12(b)(2).**

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be granted unless the plaintiff submits evidence that proves the defendant is properly subject to jurisdiction. See Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984). "Once the defense [of lack of personal jurisdiction] has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Id. "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion." Id. See also N. Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Patterson v. FBI, 893 F.2d 595, 604 (3d Cir. 1990); Fleming v. Home Depot U.S.A., Inc., No. 08-5589, 2009 U.S. Dist. LEXIS 98221, *9-10 (E.D. Pa. Oct. 21, 2009) (Kelly, J.). A court must grant the motion unless the plaintiff "establish[es] with reasonable particularity sufficient contacts between the defendant and the forum state." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987).[1]

---

[1] Some courts have credited uncontroverted allegations that "establish the requisite minimum contacts with reasonable particularity," Kravitz v. Niezgoda, No. 12-487, 2012 U.S. Dist. LEXIS 135320, at *7 (E.D. Pa. Sept. 20, 2012), but such reasoning is inapplicable here. First, the Complaint contains only vague, conclusory allegations that Defendants have contacts with Pennsylvania, which are insufficient to defeat a motion to dismiss. See Costa v. Marriott Int'l, Inc., No. 12-2312, 2012 U.S. Dist. LEXIS 175027, *8 (E.D. Pa. Dec. 10, 2012) ("Plaintiffs' conclusory allegation regarding Defendants' systematic and continuous transactions of business in Pennsylvania is insufficient . . . for this Court to exercise personal jurisdiction over them."); Christian v. Fulton Fin. Corp., No. 10-789, 2010 U.S. Dist. LEXIS 88092, at *5 (E.D. Pa. Aug. 24, 2010) ("the Christians' conclusory allegation regarding White's transaction of business in Pennsylvania is insufficient to show White has sufficient minimum contacts . . . for this Court to exercise personal jurisdiction"). Second, Plaintiffs' conclusory allegations are not uncontroverted. Defendants submitted evidence that specifically refutes them.

### 2. Principles Governing Personal Jurisdiction Inquiry.

A district court may assert personal jurisdiction over a non-resident defendant only to the extent allowed by the law of the state where the court sits. Fed. R. Civ. P. 4(e). Pennsylvania law allows a court to exercise jurisdiction over a defendant to the extent permitted by the United States Constitution. See Provident Nat'l Bank, 819 F.2d at 436. The Fourteenth Amendment permits a court to exercise jurisdiction only if a defendant has sufficient "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 437 (internal quotations omitted).

While there is no fixed standard to measure the required contacts, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "purposeful availment" requirement ensures a defendant will not be required to litigate in a forum solely as a result of "random," "fortuitous," or "attenuated" contacts, or the unilateral activity of some other person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985). In short, due process requires that a defendant have "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." Burger King, 471 U.S. at 472 (quoting Shaffer v. Heitner, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). Such "fair warning" – and therefore personal jurisdiction – only exists where the court has "general" or "specific" jurisdiction over the defendant.

#### a. General Jurisdiction.

A court has "general jurisdiction" over a defendant that maintains certain continuous, substantial, and systematic contacts with the forum, even if the plaintiff's claim does not arise out of those contacts. See Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414-

16, 415 n.9 (1984). To establish general jurisdiction, the plaintiff must meet a very high threshold. Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). A plaintiff must prove the defendant's connections with the forum state are "so 'continuous and systematic' as to render [the corporation] essentially at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Only a "limited set of affiliations" render a business entity "essentially at home" and subject to personal jurisdiction. Daimler AG v. Bauman, 134 S. Ct. 746, 760-61 (2014). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Id. at 760 (quoting Goodyear, 564 U.S. at 735). "As the Supreme Court explained in Daimler, the 'at home' inquiry will, in all but the most exceptional circumstances, subject a corporation to general jurisdiction only in the two paradigmatic bases for such jurisdiction: i.e., its state of incorporation and its principal place of business." Jacobs v. Halper, 116 F. Supp. 3d 469, 477-478 (E.D. Pa. 2015) (quoting Daimler, 134 S. Ct. at 760-61).

    **b.  Specific Jurisdiction.**

A court has "specific jurisdiction" over a defendant only if the plaintiff's claim is "related to or arises out of the defendant's contacts with the forum." Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984). The "fair warning" requirement is satisfied only if the plaintiff proves that the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King, 471 U.S. at 472 (citation and internal quotation omitted).

**C.     Plaintiffs Cannot Sustain Their Burden of Proving That Defendants Have Sufficient Contacts With Pennsylvania To Support Jurisdiction.**

**1.     Applicable Precedent.**

Applying the foregoing principles in circumstances nearly identical to those present here, this Court has repeatedly and consistently concluded that it lacks personal jurisdiction over Walt Disney World Co. (now known as WDPR).  See, e.g., Litman v. Walt Disney World Co., No. 01-3891, 2002 U.S. Dist. LEXIS 5115, at *24 (E.D. Pa. Mar. 26, 2002) (holding that this Court lacked personal jurisdiction over WDPR, formerly known as Walt Disney World Co.); Cohen v. Walt Disney World Co., No. 00-1355, 2000 U.S. Dist. LEXIS 13245, at *2 (E.D. Pa. Sept. 6, 2000) (same); Poteau v. Walt Disney World Co., No. 99-843, 1999 U.S. Dist. LEXIS 12459, at *3 (E.D. Pa. Aug. 16, 1999) (same); Schulman v. Walt Disney World Co., No. 91-5259, 1992 U.S. Dist. LEXIS 2267, at *3 (E.D. Pa. Feb. 25, 1992) (same); Jennings v. Walt Disney World, Inc., No. 92-2764, 1992 U.S. Dist. LEXIS 11001, at *11 (E.D. Pa. July 27, 1992) (same); Cunningham v. Walt Disney World Co., No. 90-6164, 1991 U.S. Dist. LEXIS 1967, at * 11 (E.D. Pa. Feb.19, 1991) (same).  As explained above, Walt Disney World Co. was the name of the corporate entity that owned and operated the Walt Disney World Resort, where the alleged incident occurred, until March 2009, when Walt Disney World Co. was renamed WDPR. (Justice Cert. ¶¶5-6.)  Therefore, the reasoning that led the courts in the above-cited cases to conclude that Walt Disney World Co. did not have contacts with Pennsylvania sufficient to warrant jurisdiction applies with equal force to WDPR in this case.

This Court has likewise repeatedly held that TWDC is not subject to personal jurisdiction in Pennsylvania.  See Rapp v. The Walt Disney Co., No. 98-3478, 1998 U.S. Dist. LEXIS 13793,

7

at *8 (E.D. Pa. Sept. 4, 1998) (holding that court lacked personal jurisdiction over TWDC); Scuttellaro v. The Walt Disney Co., No. 92-3633 (E.D. Pa. Oct. 14, 1992) (same).[2]

### 2. Defendants Do Not Have Contacts With Pennsylvania That Could Support A Finding Of Either General Or Specific Jurisdiction.

Defendants have submitted evidence with their motion that establishes that neither of them is "essentially at home" in Pennsylvania such that general jurisdiction exists. To the contrary, Defendants have no meaningful presence in Pennsylvania. Neither is incorporated in Pennsylvania and neither has its principal place of business here. (Justice Cert. ¶¶2-3; Reed Cert. ¶¶2-3.) Defendants are not registered to do business in Pennsylvania and have never conducted business here. (Justice Cert. ¶4; Reed Cert. ¶4.) They have no offices, places of business, or agents for service of process in Pennsylvania and they should not be listed in any Pennsylvania telephone directories. (Id.) Additionally, Defendants have not incurred or paid taxes in Pennsylvania and they own no real estate, bank accounts, or other assets here. (Id.) Because Defendants are not "essentially at home" in Pennsylvania, general jurisdiction does not exist.

The evidence submitted by Defendants illustrates that the vague and conclusory allegation that Defendants engage in "substantial business activities" in Pennsylvania is false. In any event, such bald assertions are plainly insufficient to sustain a plaintiff's "burden of

---

[2] A copy of the Scuttellaro decision is attached as Exhibit A. Rapp and Scuttellaro are consistent with a legion of cases from other jurisdictions in which TWDC conducts no business, which have held that TWDC is not subject to personal jurisdiction. See, e.g., Lahera v. The Walt Disney Co., No. 08-2139, Slip. Op., at 4 (6th Cir. July 28, 2009) (no jurisdiction over TWDC in Michigan) (Exhibit B); Abramson v. The Walt Disney Co., 132 Fed. Appx. 273, 276 (11th Cir. 2005) (same in Florida); Rosato v. Walt Disney Co., No. 11-7320, 2012 U.S. Dist. LEXIS 137546, at *3 (D.N.J. Sept. 25, 2012) (same in New Jersey); Triune Star, Inc. v. The Walt Disney Co., No. 07-1256, 2008 U.S. Dist. LEXIS 62305, at *11 (C.D. Ill. Aug. 14, 2008) (same in Illinois); McAlister v. The Walt Disney Co., No. 05-707-CG-B, Slip. Op., at 6 (S.D. Ala. November 2, 2007) (same in Alabama) (Exhibit C); Barrett v. The Walt Disney Co., No. 3:02cv1285(PCD), 2003 U.S. Dist. LEXIS 19782, at *10 (D. Conn. May 1, 2003) (same in Connecticut); Eaton v. NBC, 972 F. Supp. 1019, 1021 n.1 (E.D. Va. 1997) (same in Virginia); Davis v. Star-Telegram Operating, Ltd., No. 05-98-88-CV, 2000 Tex. App. LEXIS 4526, at *21-*22 (Tex. Ct. App. July 7, 2000) (same in Texas).

establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987).  See also Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984) (explaining that a plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction"); Stranahan Gear Co., Inc. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir. 1986) (cursory allegation reiterated in a sworn affidavit is insufficient to satisfy the plaintiff's burden of proof). Cf. Mass. Sch. of Law at Andover v. ABA, 107 F.3d 1026, 1042 (3d Cir. 1997) ("a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous'").  Moreover, even if it Plaintiffs' allegation that Defendants engage in "substantial business activities" in Pennsylvania were true, general jurisdiction would not exist because Defendants are not even arguably "at home" in Pennsylvania. See McCann v. Sandals Resorts Int'l, Ltd., No. 14-2208, 2015 U.S. Dist. LEXIS 16962, at *10-11 (E.D. Pa. Feb. 11, 2015) ("[S]ave for 'an exceptional case,' a corporation is at home only in its 'place of incorporation and principal place of business;' it cannot be at home in a state solely because it 'engages in a substantial, continuous, and systematic course of business [there].'") (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 760, 761, n.19 (2014)).

Plaintiffs likewise cannot possibly sustain their burden of proving that Defendants are subject to specific jurisdiction because Plaintiffs' claims against Defendants are not related to any alleged activities of Defendants in Pennsylvania.  Indeed, Defendants do not engage in activities in Pennsylvania.  Rather, Plaintiffs' complaint makes clear that their claims arise solely from Defendants' alleged acts or omissions in Florida.

In short, Defendants have not availed themselves of the privilege of conducting activities in Pennsylvania and, accordingly, Plaintiffs cannot demonstrate that Defendants have had any purposeful contacts with Pennsylvania that would lead Defendants to reasonably anticipate being subject to personal jurisdiction in Pennsylvania. Therefore, this Court should follow the precedent cited above from this Court, conclude that there is no basis for the exercise of personal jurisdiction over Defendants, and dismiss Plaintiffs' complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' complaint pursuant to Rule 12(b)(2).

Respectfully submitted

Dated:  June 9, 2016

s/Frederick P. Marczyk
Frederick P. Marczyk
Attorney Identification No. 89878
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
Phone: (215) 988-2700
Fax:  (215) 988-2757
E-mail:  frederick.marczyk@dbr.com

*Attorney for Defendants Walt Disney Parks and Resorts U.S., Inc. and The Walt Disney Company*